## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GARY YIP, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE FAIR** |
| MIDLAND FUNDING LLC, a | ) **DEBT COLLECTION** |
| Delaware Limited Liability Company, | ) **PRACTICES ACT ("FDCPA")** |
| and MIDLAND CREDIT | ) |
| MANAGEMENT INC, a Kansas | ) **JURY TRIAL DEMANDED** |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Gary Yip, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act against MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT INC:

### Introduction

1.

Plaintiff Gary Yip, through his counsel, brings this action to challenge the acts of Defendant MIDLAND FUNDING LLC and Defendant MIDLAND CREDIT MANAGEMENT INC regarding their attempts to

unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**Jurisdiction and Venue**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt from the Plaintiff, and include multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA"). Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337.

5.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of

Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, Defendants regularly transact business within the State of Georgia, and Defendants have registered agents within the State of Georgia.

6.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff who is a resident of this District, and Defendants' registered agents in Georgia are located within this District.

**PARTIES**

7.

Plaintiff GARY YIP is a natural person who is a resident of Fulton County, Georgia.

8.

MIDLAND FUNDING LLC ("MIDLAND") is a Limited Liability Company organized under the laws of the State of Delaware and does business within the State of Georgia, particularly within Gwinnett County, Georgia.

9.

MIDLAND FUNDING LLC has a registered agent named CORPORATION SERVICE COMPANY who has a physical address for service in Gwinnett County, Georgia, at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092 and a principal place of business at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108, USA.

10.

Defendant MIDLAND FUNDING LLC is in the business of debt collection.

11.

Defendant MIDLAND FUNDING LLC may be served through its Georgia registered agent, CORPORATION SERVICE COMPANY at 40 TECHNOLOGY PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092. Defendant MIDLAND FUNDING LLC may also be served through a Member of the limited liability company or a manager of the limited liability company at its principal place of business located at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108.

12.

MIDLAND   CREDIT   MANAGEMENT   INC   ("MCM")   is   a
Corporation  organized  under  the  laws  of  the  State  of  Kansas  and  does
business  within  the  State  of  Georgia,  particularly  within  Gwinnett  County,
Georgia.

13.

MIDLAND  CREDIT  MANAGEMENT  INC  has  a  registered  agent
named CORPORATION SERVICE COMPANY who has a physical address
for  service  in  Gwinnett  County,  Georgia,  at  40  TECHNOLOGY
PARKWAY SOUTHSUITE 300, NORCROSS, GA 30092 and a principal
place of business at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN
DIEGO, CA, 92108, USA.

14.

Defendant  MIDLAND  CREDIT  MANAGEMENT  INC  is  in  the
business of debt collection.

15.

Defendant MIDLAND CREDIT MANAGEMNT INC may be served
through  its  Georgia  registered  agent,  CORPORATION  SERVICE
COMPANY  at  40  TECHNOLOGY  PARKWAY  SOUTHSUITE  300,
NORCROSS,   GA   30092.    Defendant   MIDLAND   CREDIT

MANAGEMENT INC may also be served through an officer or director of the corporation at its principal place of business located at 3111 CAMINO DEL RIO NORTH, SUITE 103, SAN DIEGO, CA, 92108.

## STANDING

### 16.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

### 17.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

### 18.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

### 19.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

20.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

21.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

22.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

23.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

24.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be

able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

25.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

## FACTUAL BACKGROUND

26.

Plaintiff GARY YIP is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt (the "Alleged Debt").

27.

Defendants have attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are, according to Defendants' own documentation, for primarily personal, family, or household purposes.

28.

Defendants used instruments of interstate commerce in order to attempt to collect the alleged debt from Plaintiff, including the use of the United States Mail.

29.

The principal purpose of Defendants' business is the collection of debts, such as the Alleged Debt.

30.

Defendant MCM sent a letter to Plaintiff dated June 14, 2017 (the "MCM Letter"), on behalf of Defendant MIDLAND.  **Exhibit A**, Redacted MCM Letter to Plaintiff.

*The False, Deceptive, and Unconscionable Collection Letter*

31.

Defendant MCM's letter to Plaintiff claimed the Alleged Debt was owed to Midland Funding LLC. **Exhibit A**, Redacted MCM Letter to Plaintiff.

32.

The MCM Letter claims the Alleged Debt has a current balance of $13,741.06. **Exhibit A**, Redacted MCM Letter to Plaintiff.

33.

The MCM Letter lists a "Discount" of "70% OFF." **Exhibit A**, Redacted MCM Letter to Plaintiff.

34.

The MCM Letter offered three payment options for the Alleged Debt. **Exhibit A**, Redacted MCM Letter to Plaintiff.

35.

The top right of the MCM Letter states that the "Offer Expiration Date" is "07-14-2017." **Exhibit A**, Redacted MCM Letter to Plaintiff.

36.

The MCM Letter lists "Option 1" as "70% OFF" the Alleged Debt. **Exhibit A**, Redacted MCM Letter to Plaintiff.

37.

The MCM Letter lists "Option 2" as "50% OFF Over 12 Months." **Exhibit A**, Redacted MCM Letter to Plaintiff.

38.

The MCM Letter lists "Option 3" as "Monthly Payments As Low As: $50 per month." **Exhibit A**, Redacted MCM Letter to Plaintiff.

39.

The third option required Plaintiff to "Call today to discuss your options and get more details." **Exhibit A**, Redacted MCM Letter to Plaintiff.

40.

The MCM Letter lists "Benefits of Paying Your Debt." **Exhibit A**, Redacted MCM Letter to Plaintiff.

41.

The alleged benefits of paying the Alleged Debt listed in the MCM Letter are listed as:

   a.  "Save $9,618.74 if you pay by 07-14-2017."

   b.  "Put this debt behind you."

   c.  "No more communication on this account."

   d.  "Peace of mind."

**Exhibit A**, Redacted MCM Letter to Plaintiff.

42.

Near the bottom of the MCM Letter text, Defendant MCM states "[t]he law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." **Exhibit A**, Redacted MCM Letter to Plaintiff.

43.

At the very bottom of the MCM Letter is a payment slip with dotted lines indicating it should be cut out and returned with any payment. **Exhibit A**, Redacted MCM Letter to Plaintiff.

44.

The payment slip at the bottom of the letter states that the "Current Balance" on the Alleged Debt is "$13,741.06."

45.

The payment slip asks that Plaintiff "Make checks payable to: Midland Credit Management."

46.

The payment slip asks Plaintiff to "Enter your MCM Account # on all payments."

47.

The back of the MCM Letter states the "Charge-Off Date" for this Alleged Debt was "12-10-2009."

48.

Defendants do not threaten to file a lawsuit against Plaintiff in the MCM Letter.

49.

Defendants do not threaten to report the debt on Plaintiff's credit

report in the MCM Letter.

50.

However, Defendants do not disclose in the MCM Letter to Plaintiff that a partial payment on the alleged debt may restart the applicable statute of limitations.

51.

In fact, the MCM Letter appears designed to elicit the kind of partial payment that will restart the applicable statute of limitation under Georgia law.

52.

Defendants seek to have Plaintiff pay the alleged debt via check.

53.

Defendants seek to have Plaintiff identify the alleged MCM account on the check itself.

54.

Defendants provide two options—Option 2 and Option 3—which would require multiple payments, this causing Plaintiff to effectively restart the statute of limitations on the Alleged Debt through partial payment and written acknowledgement of the alleged liability.

*Plaintiff's Damages Suffered As A Result Of Defendants' Actions In*

*Violation Of The FDCPA*

55.

Defendants' actions caused Plaintiff to suffer damages in the form of stress, anxiety, and emotional distress relating to Defendants' actions in violation of the FDCPA.

56.

Specifically, Plaintiff did not understand why such a clearly time-barred claim was being sent to him, and this resulted in Plaintiff engaging legal counsel to review the letter and check Plaintiff's files to determine whether the alleged debt was valid.

57.

Plaintiff also did not understand that partial payment of the alleged and time-barred debt might restart the applicable statute of limitations, and nothing in the MCM Letter gave him notice of this legal fact.

58.

Defendants' actions caused Plaintiff to incur damages in the forms of costs and resources expended in the research of the false, deceptive, and misleading MCM Letter.

59.

Defendants' actions have caused Plaintiff to suffer actual damages in the form of lost time, resources, increased anxiety, increased stress, and mental and emotional distress relating to Defendants' actions in violation of the FDCPA relating to its creation, execution, and use of the false, deceptive, and misleading MCM Letter.

**FIRST CAUSE OF ACTION**

**(Violations of the FDCPA by Defendants)**

60.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.

Based on information and belief, Defendant MIDLAND and Defendant MCM have violated the Fair Debt Collection Practices Act ("FDCPA").

*Defendants' FDCPA Violations In Sending A False, Misleading, And*

*Deceptive Collection Letter to Plaintiff*

62.

Defendants, who are sophisticated parties who are active in the debt collection industry, aimed a carefully crafted message to an unsophisticated consumer that was designed to be deceptive and misleading.

63.

Defendants' MCM Letter specifically provided two options that, under the laws of the State of Georgia, would likely result in restarting the applicable statute of limitations on a time-barred debt if Plaintiff were to choose either.

64.

Defendants' MCM Letter does not state that there is a risk of the statute of limitations being restarted on the alleged debt, and instead remains conspicuously, and sophisticatedly, silent on the risk of Plaintiff choosing either Option 2 or Option 3 and causing the statute of limitations on the alleged debt to restart.

65.

Further, the MCM Letter from Defendants further deceives and misleads Plaintiff by including "due dates" on the Alleged Debt and the

offer made that imply that payment of the Alleged Debt has a deadline, when no such deadline existed.

66.

In addition, the payment slip at the bottom of the letter is designed in a manner and nature to cause Plaintiff to reaffirm the alleged debt under Georgia law, in writing, in a manner that would result in the statute of limitations being revived and restarted.

67.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.

68.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt.  Fair Debt Collection Practices Act, 15 U.S.C. § 1962f.

69.

Defendants' actions have caused Plaintiff to have to retain legal counsel to investigate Defendants' claims, have caused Plaintiff anxiety and

stress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

70.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## JURY DEMAND

71.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)   Find Defendants liable for violations of the Fair Debt Collection Practices Act for the creation, execution, filing, and use of a false and misleading affidavit during the attempt to collect an alleged consumer debt;

(2)   Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)   Award Plaintiff actual damages in an amount to be shown with more particularity at a later date;

(4)   Award Plaintiff reasonable attorney's fees in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)   Award Plaintiff the reasonable costs of this action;

(6)     Award Plaintiff other expenses of litigation;

(7)     Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Respectfully submitted this <u>3 July 2017</u>.

<u>/s/ John William Nelson</u>
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.   404.549.6765

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

**DATED:**     3 July 2017

/s/ John William Nelson
John William Nelson
State Bar No. 920108

*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.    404.348.4462
Fax.   404.549.6765